**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARY ANN S.,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 25 CV 6030<br><br>Magistrate Judge McShain |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mary Ann S. appeals the Commissioner of Social Security's decision denying her application for benefits. For the following reasons, plaintiff's motion to reverse and remand the Commissioner's decision [13] is granted, the Commissioner's motion for summary judgment [16] is denied, and the case is remanded for further administrative proceedings.[1]

## Background

In October 2021, plaintiff applied for a period of disability and disability insurance benefits, alleging an onset date of May 1, 2021. [12-1] 15. The claim was denied initially, on reconsideration, and after a hearing before an administrative law judge ("ALJ"). [*Id.*] 15–23. The Appeals Council denied review in April 2025, *see* [*id.*] 1–6, making the ALJ's decision the agency's final decision. *See* 20 C.F.R. §§ 404.955 & 404.981. Plaintiff has appealed to this Court, and the Court has subject-matter jurisdiction under 42 U.S.C. § 405(g).[2]

The ALJ reviewed plaintiff's claim in accordance with the Social Security Administration's five-step evaluation process. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset date. [12-1] 17. At step two, the ALJ determined that plaintiff had the following severe impairments: congestive heart failure and disorders of the skeletal spine. [*Id.*] 17–18. At step three, the ALJ concluded that plaintiff's impairments did not meet or equal the severity of a listed impairment. [*Id.*] 18. Before turning to step four, the ALJ ruled

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [12-1], [12-2], which refer to the page numbers in the bottom right corner of each page.

[2] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge [6].

that plaintiff had the residual functional capacity (RFC) to "perform light work as defined in 20 CFR 404.1567(b) except that the claimant: can frequently climb ramps or stairs, but never climb ladders, ropes, or scaffolds; can occasionally stoop, kneel, crouch, or crawl; and must avoid concentrated exposure to extreme heat, extreme cold, dust, odors, fumes, gases, or poor ventilation." [*Id.*] 18–22 At step four, the ALJ held that plaintiff could perform her past relevant work as a head correction officer. [*Id.*] 22–23. Accordingly, the ALJ concluded that plaintiff was not disabled. [*Id.*] 23.

## Legal Standard

The Court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). "When reviewing a disability decision for substantial evidence, we will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (citation modified).

## Discussion

Plaintiff argues that the denial of benefits should be reversed because the ALJ "misapplied the law when assessing Ms. Smith's subjective complaints related to her severe spinal disorder." *See* [13] 3–8 (citation modified). While plaintiff frames this as one argument, in the Court's view plaintiff's brief actually contains several distinct–but somewhat related–objections to the ALJ's decision. Although the Court finds that most of the objections lack merit, one of plaintiff's objections identifies reversable error requiring a remand.

When fashioning plaintiff's RFC, the ALJ found plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms unsupported by her medical records:

> The claimant's most recent treatment records, from February of 2023, included complaints of a two-to-three-day history of right leg pain radiating from her hip to her ankle (12F/14). There were no other significant changes to past examinations.
>
> . . .
>
> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are simply not supported by the medical records. The records include evidence of mild degenerative

> conditions in the claimant's lower back, but nothing that would incapacitate the claimant to the degree alleged. They also include complaints of radiating pain and numbness, but the claimant has little in the way of observed functional limitations. Additionally, the claimant's complaints of leg or back pain are usually described as having only worsened for a few days prior to seeking medical help. *The records do not document complaints of severe, ongoing pain and impairment. The records also do not document complaints that indicate an overall worsening of the claimant's conditions and symptoms*. The claimant's COPD and heart failure are not noted to be causing significant ongoing limitations.

[12-1] 21 (emphasis added). The problem with the ALJ's description of her reasoning here is that it is contradicted in several places by the plaintiff's treatment notes from Chiro One Wellness Center ("Chiro One"). [12-2] 1499–652.

First, plaintiff's treatment notes from Chiro One extend to June 26, 2023, [12-2] 1597–627, making them more recent than the urgent care records which the ALJ described as plaintiff's "most recent treatment records[.]" [12-1] 21; [12-2] 910. Second, and more importantly, these records contradict the ALJ's findings because they do document "complaints of severe, ongoing pain and impairment" as well as arguably "complaints that indicate an overall worsening of the claimant's conditions and symptoms."

The Court will provide a few examples of the information found in the Chiro One treatment records. On February 15, 2023, an examiner wrote "patient was in extreme pain shooting down right leg to her ankle[,]" [12-2] 1503, and plaintiff filled out a questionnaire rating her pain as severe while indicating that it was very difficult to complete activities like walking, lifting up to ten pounds, and going up stairs, [12-2] 1513. On February 20, 2023, plaintiff indicated on a questionnaire that her health was much worse than a year ago and that her pain over the last four weeks was very severe and she was "limited a lot" in several types of daily activities, including walking one block. [12-2] 1521–22. On March 07, 2023, plaintiff rated her pain over the previous four weeks as very severe. [12-2] 1538. On April 10, 2023, plaintiff rated her pain as an eight out of ten and complained of being "limited a lot" in several daily activities, including bending, kneeling, or stooping. [12-2] 1565, 1570. On May 31, 2023, plaintiff reported her pain as moderate but that her health was much worse than a year before that date. [12-2] 1584–85.

Despite the fact that these records contradict part of the ALJ's opinion, the ALJ never discusses them. Her only reference to the exhibit containing the Chiro One records is when she acknowledges that they were submitted after the hearing and admitted into evidence. [12-1] 15.

The Commissioner argues that the ALJ's failure to discuss these records does not constitute reversible error for two reasons. First, the Commissioner reiterates that the ALJ's bar for explaining her decision is low, and she must meet "only the most minimal of articulation requirements." [16] 6 (quoting *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024)). Second, the Commissioner points out that plaintiff "does not cite any medical opinions regarding her work capacity within these records (*see generally* Pl. Br.), and she fails to explain how they contradict the ALJ's finding of severe physical impairments that cause significant RFC limitations." [16] 7.

The Court finds the Commissioner's argument unconvincing. Even if the Court accepted the Commissioner's statements as correct, the Seventh Circuit has explained that "an ALJ may not ignore an entire line of evidence that is contrary to her findings[.]" *Zurawski v. Halter*, 245 F.3d 881, 888 (7th Cir. 2001) (internal quotation omitted); *see also Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012) ("Although an ALJ need not mention every snippet of evidence in the record, the ALJ must connect the evidence to the conclusion; in so doing, he may not ignore entire lines of contrary evidence"). While plaintiff may not "explain how . . . [the Chiro One records] contradict the ALJ's finding of severe physical impairments that cause significant RFC limitations[,]" [16] 7, the plaintiff does explain how those uncited records contradict certain of the ALJ's findings. The ALJ found that plaintiff's treatment "records do not document complaints of severe, ongoing pain and impairment[] . . . [nor] complaints that indicate an overall worsening of the claimant's conditions and symptoms[,]" [12-1] 21. Many of the Chiro One records documented that plaintiff reported severe ongoing pain and impairment as well as an overall worsening of her condition. [13] 5; [12-2] 1503, 1513, 1521, 1538, 1584–85.

Perhaps the ALJ did not find the Chiro One records persuasive or felt that the period of time they covered was too short to constitute "ongoing" complaints. But if that were the case, the ALJ must articulate her reasoning so this Court may conduct a proper review. The fact that the ALJ never discussed these records and labeled other medical records–from months before the final Chiro One treatment notes–as plaintiff's "most recent treatment records," [12-1] 21, leaves the Court with the impression that this evidence was impermissibly ignored. Whether the ALJ ignored these records or simply did not articulate how she weighed them is important, because under either circumstance the Court is left without the ability to "trace the path of the ALJ's reasoning from evidence to conclusion." *Sherise K. v. Dudek*, No. 24 C 11199, 2025 WL 1260831, at *2 (N.D. Ill. Apr. 30, 2025).

For these reasons, the Court finds that the ALJ has committed reversible error and this case must be remanded for further proceedings. Having found that the ALJ's lack of discussion regarding the Chiro One records constitutes reversible error, the Court need not address plaintiff's remaining contentions as to how the ALJ erred.

## Conclusion

Plaintiff's motion to reverse and remand, [13], is granted and defendant's motion for summary judgment, [16], is denied. The decision of the Social Security Administration is reversed, and, in accordance with the fourth sentence of 42 U.S.C. § 405(g), this case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

Heather K. McShain

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: September 10, 2026**